## No. 439.

### SIMON B. MILLER *v.* M. C. MOSELEY.

The nonpresentation of a check within a reasonable time may, under the circumstances of the case, amount to such laches as will release the indorser thereof.

APPEAL from the Eighteen Judicial District Court, parish of Webster. *Turner, J.* *Watkins & Fort,* for plaintiff and appellant. *A. B. George,* for defendant and appellee.

HOWELL, J. This is a suit by the holder against the indorser of a check, drawn at Holly Springs, Mississippi, December 21, 1872, by the Holly Springs Savings and Insurance Company on the Crescent City National Bank of New Orleans, Louisiana, the defense to which is a release by the laches of the plaintiff in not presenting the check in due time and withholding it from circulation until the bank had failed.

The check was drawn to the order of defendant, who received it by mail in the early part of January, 1873, and on the first of February following sold and specially indorsed it to plaintiff, who retained it in his possession in Minden, Louisiana, until March 28, and it was pro-

tested for nonpayment on third April following. The bank suspended on March 17, at which time the drawers had over $1400 on deposit, considerably more than the amount of the check, and it is proved that the check would have been paid if presented at any time from first of January to seventeenth March, when the bank failed. No good reason is shown by plaintiff for holding the check from first of February to twenty-eighth March, and we must consider it such laches as to release the defendant under the circumstances. The fact that the defendant had held it for nearly a month before selling it to the plaintiff, will not inure to the benefit of the plaintiff, if the latter had reasonable time to present the check for payment before the failure of the drawees; and we think it clear there was such. And the very doubt, which the plaintiff says he expressed at the time of purchasing the check, should have induced him to present it for payment promptly. The alleged guarantee made at the time, by defendant, as described by the plaintiff, did not authorize the latter to hold the check such an unreasonable length of time. The defendant did not warrant the indefinite or perpetual solvency of the drawees.

Judgment affirmed.